## MARGARET A. O'LEARY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 17, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Practice, Civil*, Conduct of trial: redirect examination of witness, requests and rulings, Exceptions. *Evidence*, Relevancy and materiality.

At the trial of an action against a street railway company by a girl six years of age, when injured, to recover for personal injuries caused by the plaintiff being run into by a car of the defendant as she was crossing a street, the plaintiff testified in direct examination that she saw the car approaching, that it slowed down and then suddenly increased its speed and caught her before she could escape. In cross-examination she testified that when she first saw the car she was eight feet away. In redirect examination she was asked, "If you saw the car coming just before you stepped along to go over the tracks on which the car was, why didn't you keep out of the way of the car?" and answered, "I moved out of the way and then it came swifter and knocked me down." On motion of the defendant and subject to an exception by the plaintiff the answer was stricken out as not responsive to the question. The presiding judge then gave the plaintiff leave to testify anew as to all the circumstances of the accident, and, she appearing tired, allowed her to rest while other witnesses were testifying. Before the afternoon adjournment of the court the defendant's counsel stated that, if the plaintiff was to testify further, he desired it to be

done before adjournment " and not in the morning after there has been a chance to talk with her." Thereupon the plaintiff's counsel stated: "I won't put her on after that remark." In answer to a special question, the jury found that the plaintiff was in the exercise of due care. *Held*, that the plaintiff's exception should not be sustained, because the answer stricken out was made immaterial on the question of the plaintiff's due care by the finding of the jury, and was a repetition on the question of negligence of the motorman; and because the plaintiff was given an opportunity to go over the matter again and did not do so.

A judge presiding at a jury trial cannot be required to give a ruling which singles out only some of the facts bearing upon the issues being tried and states the law with regard thereto.

TORT for personal injuries caused by the plaintiff, a girl six years of age, being run over by a car of the defendant at the intersection of Fourth and O Streets in that part of Boston called South Boston. Writ dated May 7, 1907.

In the Superior Court the case was tried before *Brown*, J. The plaintiff testified in direct examination that, as she was crossing Fourth Street, the defendant's car was approaching; that the motorman slowed down at first as he approached the crossing and then suddenly increased his speed at a time when the plaintiff was unable to protect herself, and that thereby she was caught and injured.

In her cross-examination the plaintiff testified that when she first saw the car she was eight feet from the track, and that when she next saw it she was four feet away. In redirect examination the question stated in the opinion was asked and answered, and then, subject to an exception by the plaintiff, the answer was stricken out by the presiding judge as not responsive to the question. The presiding judge, however, ruled that the plaintiff might testify again in full as to the relative positions of herself and of the car before the car struck her. The plaintiff's counsel then asked her a number of questions to which she made no reply, and, she having told the judge that she wanted to rest awhile, he ruled that she might. Other witnesses thereupon testified, and, near the close of the afternoon session, the defendant's counsel stated, " If this little girl is going to testify, I want it before the court closes to-night, and not in the morning after there has been a chance to talk with her "; to which the plaintiff's counsel replied, "I won't put her on after that remark."

At the close of the evidence, the plaintiff asked for the following ruling, which the judge refused to give :

" If, when the plaintiff started to cross the street, the car was going slowly enough so that she might have crossed safely, and she was injured by reason of a sudden increase in speed caused by the motorman, the jury should take those facts into consideration both upon the question of the plaintiff's due care and the defendant's negligence."

The judge submitted the following questions to the jury, which they answered as follows :

" 1.  Was Margaret A. O'Leary, on April 22, 1907, in the exercise of that degree of care which may reasonably be expected of children of her age and capacity ?   Yes.

" Was the motorman negligent?   No.

" What damages did Margaret A. O'Leary suffer by reason of this accident ?   $300."

Thereupon the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. M. Noble & A. L. Doggett*, for the plaintiff.

*F. Ranney & E. B. Horn*, for the defendant.

HAMMOND, J.   The plaintiff alleges two exceptions, the first to the striking out by the court of an answer given by her on redirect examination, and the second to the refusal of the court to give a ruling requested by the plaintiff.

1. As to the striking out of the answer.   The question and answer were as follows :

" Q.   If you saw the car coming just before you stepped along to go over the tracks on which the car was, why didn't you keep out of the way of the car ?

" A.   I moved out of the way, and then it came swifter and knocked me down."

The answer was excluded by the presiding judge as not responsive to the question.   So far as the answer bore upon the question of the due care of the plaintiff, it has become immaterial by the finding of the jury that the plaintiff was in the exercise of due care.   So far as it bore on the question of the negligence of the motorman the statement that the car " came swifter " added nothing to what the plaintiff had said previously

upon the stand, and hence even if the answer was responsive its exclusion is not shown to have been harmful to the plaintiff.

But the decisive answer to this exception is that as a result of a colloquy of considerable length, in which the judge and the counsel on each side participated, the counsel for the plaintiff was allowed to go all over the matter in detail as much as he pleased, but he declined to avail himself fully of the privilege. For this reason the exception must be overruled.

2. As to the ruling requested. The request singled out only some of the facts bearing upon the questions of the plaintiff's due care and the defendant's negligence. The judge was not bound to make the selection in the language of the request. The charge was specific and full enough upon these questions.

*Exceptions overruled.*